These two suits, which were consolidated for trial, arose out of an intersectional collision at Dufrocq and Florida Streets, in the City of Baton Rouge, in the early morning of November 1, 1941. Mrs. Hazel Baker, accompanied by the other plaintiff and seven other guests passengers, was driving her Dodge sedan automobile northward on Dufrocq Street, returning from a party at the Pelican Bar located on Government Street, a distance of some two miles from the intersection of Florida and Dufrocq Streets. The defendant's assured, T.L. Collins, an L.S.U. student, accompanied by another L.S.U. student, George French, was returning from the Floridan night club, located on Florida Street, a distance of 7 or 8 blocks from the intersection.
According to the testimony of the two plaintiffs and three other occupants of the Baker automobile, Mrs. Baker slackened her speed, as she approached the intersection, from about 35 miles per hour to about 20 miles per hour, and thereupon entered the intersection while the traffic light at the intersection was showing green, and accelerated her speed, and as she reached *Page 66 
the northeast part of the intersection the Collins car struck her car on the right side and the Baker car thereupon continued to a telephone pole at the northwest corner of the intersection, and the Collins car followed in the same general direction, coming to rest near the Baker car, with the front slightly closer thereto than the rear.
On the other hand, according to the testimony of Collins and French, and two other college students who were riding in a car approximately half a block in the rear of the Collins car and proceeding in the same direction, Collins entered the intersection just as the traffic light was turning from green to yellow, or just after the light had turned to yellow, and the collision occurred while the light was still yellow.
Mrs. Baker claimed damages in the sum of $1,929.80, consisting of damage to her automobile, loss of salary, personal injuries, and medical expenses, and Mrs. Dix claimed damages in the sum of $2,950, consisting of personal injuries and medical expenses.
The trial court rendered judgment in favor of Mrs. Baker in the sum of $1,379.50, plus medical expert fees for Dr. Robins in the sum of $25, and in favor of Mrs. Dix for the sum of $2,263, plus certain medical expert fees. The defendant appealed from both judgments, and the plaintiff in each case answered the appeal and asked that the award in favor of Mrs. Baker be increased to the sum of $1,879.50, and the award in favor of Mrs. Dix be increased to the sum of $2,863.
In the Baker suit there was a reconventional demand filed by the insurance company against Mrs. Baker for damages to the Collins car in the sum of $153.10, which demand was rejected by the trial court.
The most serious question for determination in these two cases is, of course, the question of liability or lack of liability, and this determination is difficult, in view of the contradictory testimony with reference to how the two cars entered the intersection and how they proceeded after entering the intersection. There is no question that the plaintiffs were guilty of negligence in driving and riding in an automobile occupied by nine adult persons after a drinking party of more than three hours' duration where all of them with the exception of one guest, admittedly partook of intoxicating beverages. It does not appear to us, however, that this particular negligence was the proximate cause of the accident, as we are not convinced that Mrs. Baker was so affected by drink or was so interfered with by the guests in her car as to affect her driving. However, we are not convinced that she entered the intersection on the green light as so consistently testified to by her, the other plaintiff, and her three guests. The fact that Mrs. Baker states that when she arrived at the intersection she remarked "The light is green" and that the other four occupants who testified, looked and saw that the light was green, while possibly true, is not convincing, especially considering the position of three of these witnesses at the time of reaching the intersection. It is shown that one of these witnesses, Sergeant Stapel, was seated at the right of the front seat, with Mrs. Stapel sitting on his lap, Sergeant McNulty in the center, and Mrs. Baker at the wheel. Witness Provencher was sitting on the left side of the rear seat with Miss Meyer in his lap, Private Andrews in the middle, and witness Dix was sitting on the right side of the rear seat with Mrs. Dix in his lap. It is very probable that on this return trip from a very convivial party that there was considerable conversation and laughter going on, and it seems remarkable, under the circumstances that all the occupants of the car who were available to testify should have heard Mrs. Baker's remark and should have noticed so clearly traffic light, and, for that matter it does seem unusual that Mrs. Baker should have made the remark under the circumstances.
On the other hand, according to the testimony of Collins and French, occupants of the other car, and Booth and Summers, occupants of the car to the rear of the Collins car, four college boys who have nothing to gain in the case, none of whom, except French, appear to have been in the least way under the influence of alcoholic beverages, Collins entered the intersection at just about the time the light turned from green to yellow, travelling at about 25 miles per hour. It is true that a certain amount of deception was practiced by these boys in that the presence of George French in the Collins car was not revealed at the time of the accident, and not until shortly before the trial, but this concealment for which French and his friends deserve censure, does not convince the court, in the absence of other circumstances, that these boys deliberately falsified in order to *Page 67 
assist the insurance company and defeat the plaintiffs. In fact, their testimony offers a much more logical explanation as to why these two automobiles happened to meet in the northeast part of the intersection.
From a consideration of this conflicting testimony it is our conclusion that both Mrs. Baker and young Collins entered the intersection without much regard for the traffic light and without any regard for any automobile which might have been present in the intersection. It will be noted that the Florida entrance to the intersection as well as the Dufrocq entrance to the intersection, was hidden by a stone wall enclosing a cemetery located at the southeast corner of the intersection, and because of this fact, regardless of the traffic signal, we feel that both drivers were negligent in entering the intersection without caution and care for possible traffic and without maintaining a proper lookout. Considering the testimony and the circumstances, particularly the fact that both cars were returning from parties in the early morning when traffic was light, it is our opinion that both drivers had their minds centered more on reaching their final destinations than anything else, and that neither one paid any particular attention to the traffic signals or traffic, and under these circumstances we feel that the collision was caused by the negligence of both in the manner in which they entered the intersection and proceeded therein.
In any event, we cannot conclude from the facts and circumstances in this case that Mrs. Baker has sustained the burden of proving to a legal certainty that the collision was caused solely by the negligent driving of Collins. To do so, we would have to discount entirely the testimony of Collins and his fellow students, and conclude that Mrs. Baker entered the intersection on the green signal and then proceeded across the intersection with due care and caution and maintaining a proper lookout. As stated before, we cannot discredit the defense witnesses, just on the proposition that French, and to some extent one or two of the others, were not as frank as they should have been at the time of the accident, nor on the proposition that there is some slight variance in their testimony as to the exact location of the Collins car at the time the light turned yellow, especially when entrance of the intersection on the yellow light by both cars is a plausible explanation of the accident. Moreover, there is no showing that Mrs. Baker was keeping a proper lookout; the best that could be said for her from the evidence is that she entered the intersection just at the moment the light went green and then proceeded at an accelerated speed on the presumption that the way was clear.
With reference to the case of Mrs. Dix, however, we do not feel that her negligence in being present in the crowded Baker car was a proximate cause of the accident, nor do we feel that she reasonably could have anticipated that Mrs. Baker would enter the intersection in a negligent manner, and without regard for other automobiles entering the intersection. As stated before, it seems to be definitely shown that Mrs. Baker was not under the influence of alcoholic beverages to an extent which affected her driving, and consequently Mrs. Dix could presume that she would drive in a reasonable manner, and it does appear that she did slacken her speed as she approached the intersection, and certainly Mrs. Dix did not have a chance of exercising any control over her driving from the time the intersection was reached to the time the collision occurred, as it happened too quickly for any "backseat suggestions".
With reference to the quantum of damages in the case of Mrs. Dix, we find that her injuries resulting from the accident consist of a serious disturbance of her menstrual cycle, and injury to the lower spine or coccyx. It appears from the medical testimony that Mrs. Dix has already received some relief from medical treatment, and that her condition and injury can be corrected by medical treatment, possibly operative treatment, without great pain, inconvenience or expense. We are of the opinion that an award of $1,500 for her personal injuries plus $13 for medical expense heretofore incurred, would be fair. We also feel that the fees of experts allowed in her case by the trial court should not be disturbed.
For the reasons set forth, we will render judgment in the Baker case, reversing the judgment so as to dismiss her suit at her costs, and affirming the judgment in so far as it dismisses the reconventional demand, and we will render judgment in the case of Mrs. Dix by amending the lower court judgment so as to make the award to her the sum of $1,513, and as thus amended we will affirm the judgment. *Page 68